26 C.C.P.A.(Patents)

### In re MADGE et al.

### Patent Appeal No. 4124.

Court of Customs and Patent Appeals.
April 10, 1939.

Joseph H. Milans, of Washington, D. C. (Benj. T. Rauber, of New York City, of counsel), for appellants.

R. F. Whitehead, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

LENROOT, Associate Judge.

This appeal brings before us for review a decision of the Board of Appeals of the United States Patent Office affirming a decision of the examiner rejecting, in view of the cited prior art, all of the claims of appellants' application for a patent.

There are seven claims; claim 1 is illustrative of the involved claims and reads as follows: "1. An improved process for the manufacture of fabric coated with waterproof compositions of or containing rubber which comprises applying to the fabric froths or foams of aqueous dispersion of said composition, destroying the frothy or foamy structure of the dispersions while regulating the thickness thereof and thereupon setting the resulting substantially non-frothy or non-foamy layer of dispersion produced."

The references cited are: Untiedt, 1,-845,688, February 16, 1932; Madge et al., 2,007,578, July 9, 1935.

Appellants' application relates to a method of coating fabrics with rubber, which method consists in applying to the surface of the fabric a frothed or foamed latex, and simultaneously destroying the frothy or foamy structure of the latex with the regulation of the thickness thereof.

The patent to Untiedt discloses a process of coating a fabric with a latex foam, which process consists in spreading a prepared foam on the fabric with any known suitable spreading machine, and allowing the coating to dry. At this stage the coating is porous. If it is desired to produce

854

a non-porous coating the material is subjected to pressure so as to destroy the porous character of the coating.

The patent states:

"I have now found that excellent coatings, possessing new characteristics, may be obtained upon fabrics when using the latex of commerce or other aqueous rubber dispersions provided the latex is applied to the fabric as a stiff, dense, relatively stable, foam. I spread such a foam upon the fabrics as a coating, say as much as a quarter of an inch thick and then allow the coating to dry. * * *

\* \* \* \* \* \*

"\* \* \* However prepared, the foam should be of such a consistency that, when allowed to dry in sheets, not much, if any, breakdown of the foam to a liquid condition accompanied by the formation of greatly enlarged bubbles of air, takes place. This is what I mean by a relatively stable foam. * * *

"After the foam is prepared, it is then applied to the fabric by spreading it thereon. The thickness will vary with the thickness desired in the finished material. *Generally the coating as initially applied should be several times that eventually desired.* A coating a quarter of an inch thick will give satisfactory results. The dense foam is evenly spread over the surface of the fabric by suitable apparatus well known in the art of coating fabrics and forming no part of this invention and then allowed to dry. (Italics ours.)

\* \* \* \* \* \*

"After the coating is practically dry, a condition easily recognized, the fabric will be covered with a porous, absorbent, surface of latex rubber and foam stabilizing agent and the thickness thereof will not be very much less than that of the wet foam as applied."

The patent to Madge et al. discloses a process for coating a fabric with a latex. In the application before us it is stated that the same method is employed as is described in said patent. The only difference in the two processes is that, in the disclosure of appellants' application, a latex froth or foam is used while in the patent "a rubber latex mixing in a pasty condition" is employed.

The examiner rejected all of the claims upon Untiedt alone, also upon Madge et al. alone, and also upon the combination of Untiedt and Madge et al.

The Board of Appeals, in affirming the decision of the examiner, concluded its decision with the following statement: "At best, all that applicant has done was to discover that the latex foam disclosed in the Untiedt patent could be used in lieu of the paste used in the Madge et al. process without altering in any other way the process of said patent. We are of the opinion that this discovery would not amount to invention."

After describing their method, appellants in their specification state: "It will be apparent from the above that our method of applying rubber latex offers a number of advantages. Not only does the froth prevent the striking through of the rubber dispersion, but it also enables the coating to be finely gauged and enables very thin coatings to be applied for it will be apparent that inasmuch as the bulk has been increased several fold, the setting of the doctor blade for the minimum thickness will actually result in a final coating of only a fraction of this thickness inasmuch as the foam upon breaking is reduced to its original bulk. Also that a measurement on the doctor blade for the foamed latex will be reduced to a much finer measurement or gauge after the foamed structure has been collapsed to its original bulk."

The examiner held that there is no real distinction between the process described by Untiedt and that disclosed in appellants' application; that while Untiedt does not state that he secures a simultaneous collapse and coagulation of the latex foam layer in the spreading step, such simultaneous collapse will occur in Untiedt's process as well as in that of appellants.

We are in agreement with this view. Untiedt states that the foam as generally applied should be several times that eventually desired, and that it is spread over the surface of the fabric by suitable apparatus well known in the art of coating fabrics. He further states that the physical structure of the foam should remain fairly constant during the drying. It would seem clear that if the thickness of the foam as initially applied is several times that eventually desired, and the structure of the foam remains fairly constant during the drying step, then collapsing of the foam must occur in the step of spreading the foam by means of spreaders well known in the art. We are therefore of the opinion that appellants' process is anticipated by the patent to Untiedt.

We are also in agreement with the view of the examiner and the Board of Appeals that, the Madge et al. patent having disclosed the employment of a rubber latex mixing in a pasty condition, it would not require invention to substitute therefor the latex foam employed by Untiedt. With such substitution the process disclosed by the Madge et al. patent would be identical with the disclosure of appellants' application.

For the reasons hereinbefore stated, the decision of the Board of Appeals is affirmed.

Affirmed.